## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JIMMIE SELLARS and KIMBERLY SELLARS,**
as parents and guardians of minors, A.C., S.M., Tre.,
Tra., Trac., and Bro., Sellars,

      **Plaintiffs,**

vs.                                                            Civil No. 08cv1097 MCA/RLP

**DEPUTY S. FOLDY in his individual**
capacity, and Sheriff Todd Garrison, in his
individual capacity, and Board of County
Commissioner of Dona Ana County,

      **Defendants.**

### MEMORANDUM OPINION and ORDER
### GRANTING IN PART AND DENYING IN PART
### PLAINTIFFS' MOTION TO COMPEL

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Compel Production of documents. [Docket No. 52]. The dispute centers around the documents generated by Defendant's retained expert.

According to submissions of the parties, Dr. Sam Roll is a psychologist retained by Defendant Foldy to evaluate some or all of Plaintiffs' minor children. That evaluation was conducted on July 17-18, 2009. In addition, Dr. Roll received and evaluated "raw data" from Plaintiffs' expert, Dr. Christopher Alexander. That data was provided to Dr. Roll on September 9, 2009.

On August 25, 2009, prior to providing the raw data to Dr. Roll, Plaintiffs served Defendant Foldy with a Request for Production [Docket No. 26], seeking:

1)    copies of any and publications identified or listed in the curriculum vitae of Dr. Roll or authored by him in the last ten years;

    2)      copies of any and all raw data or notes created in the testing of the Sellars' family members by Dr. Roll;

    3)      any draft expert reports created by Dr. Roll in this matter;

    4)      Dr. Roll's complete file in this matter, including any an all e-mails or electronically stored and created data;

    5)      copies of any other expert reports written by Dr. Roll in the last four years;

    6)      copies of trial transcripts of depositions of Dr. Roll in the past four years.

Defendant served the following response on September 28, 2009 [Docket No. 49; Docket No. 53, Ex. C]:

> Dr. Roll's report will be completed shortly. The delay was because Dr. Roll needed information from Dr. Alexander to prepare his report. Defendants will comply with the requirements of D.N.M. LR-Civ. 26 and FED. R. CIV.P. 26(a)(2). Dr. Roll's raw data can only be produced to a psychologist. Dr. Roll's notes and draft reports, if any, can be produced at his deposition. Dr. Roll's complete file can be produced at this deposition. Depositions Dr. Roll testified in will be identified with his reports. Production of other expert reports, trial transcripts and depositions is beyond the discovery requirements of the Rules of Civil Procedure.

The court will construe Defendant Foldy's Response as raising an objection to production of Dr. Roll's raw data in a manner that conflicts with the American Psychological Association's Ethical Principles of Psychologists and Code of Conduct ("APA" herein). The APA ethical guidelines prohibit production of test materials to anyone not a psychologist or neuropsychologist. **Taylor v. Erna**, 2009 WL 2425839 (D. Mass. 2009).

On October 21, 2009 Plaintiffs filed a motion to compel production, having received "nothing responsive" to their request. [Docket No. 53, p. 2].

Defendant Responded to the Motion to Compel on November 5, 2009, stating that he had produced Dr. Roll's expert report, CV, list of cases testified in or deposed in and fee schedule; that he did not have any of Dr. Roll's prior depositions or reports in his possession and could not produce

them; that Dr. Roll's raw data would be produced directly to Dr. Alexander; and that he was making no claim of privilege or confidentiality. (Docket No. 55).

In their Reply, Plaintiffs reiterated that they

> . . . have not received any documentation such as any studies, treaties (sic), hand written or typed evaluations, and like type information. While Defendants claim they do not have said documents., i.e., "raw data" they have failed to provide any reason as who why they cannot obtain these documents from their own expert . . . To date, Plaintiffs have receive nothing responsive to their Request for Production No. 7.

(Docket No. 58).

It would appear that at least one of the parties is being less than forth coming. It is Defendant, who contends that he has provided all requested documents in his possession other than Dr. Roll's "raw data" which will be provided directly to Plaintiffs' expert? Or is it Plaintiffs who contend that they have received "nothing" responsive to their discovery request?

It is fortunate that in this instance, the Court may fashion a remedy without discovering the absolute truth of the situation.

Rule 26 requires the production of an expert's written report, which must include:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) **the data or other information considered by the witness in forming them**;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, curing the previous 4 years, the witness has testified as an expert at trial or by deposition; and

  (vi) a statement of the compensation to be paid for the study and testimony in the case. F.R.Civ.P. 26(a)(2)(B). (emphasis added).

  There is a recognized tension between the disclosure requirements of F.R.Civ.P. 26 and the APA ethical guidelines. **See Taylor v. Erna**, supra. The ethical dilemma, however, is resolved by the issuance of a court order compelling production. **Id.**, at *2, note 2, citing APA Ethical Standard 9.11.

  Further, Plaintiffs seek disclosure of and direct access to information related to their children, whose interests they are representing in this case. They do not seek, on their behalf or behalf of their children, any protective order or disclosure restrictions.

  Fed.R.Civ.P. 34 permits a party to request that another party produce specified items "in the responding party's possession, custody, or control." For purposes of Rule 34, documents are deemed to be in a party's possession, custody or control if that party has actual possession, custody or control, " or has the legal right to obtain the documents on demand." **Resolution Trust Corp. v. Deloitte & Touche**, 145 F.R.D. 108, 110 (D.Colo.1992). The discovering party bears the burden of establishing control. **Super Film of Am., Inc., v. UCB Films, Inc**., 219 F.R.D. 649, 653 (D. Kan. 2004). Plaintiffs have made no showing that Defendant Foldy has actual possession, custody or control, "or has the legal right to obtain on demand" depositions or expert witness reports generated by Dr. Roll in the past four years.

  **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel is **GRANTED IN PART**. To the extent he has not already done so, Defendant Foldy shall produce the expert witness report of Dr. Roll, and shall include in that report all of the elements of a Rule 26 expert witness disclosure, including the raw data compiled by Dr. Roll. Said production shall occur on or before **December 4, 2009**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel is **DENIED IN PART**. Defendant is not required to produce the depositions given by Dr. Roll, or the expert witness reports prepared by Dr. Roll in other cases over the past four years.

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorney fees is **DENIED**.

**IT IS SO ORDERED.**

                                          Richard L. Puglisi
                                   United States Magistrate Judge